WILLIAM BURTON, Respondent, v. CLAIRE J. CORNELL, Appellant.

Supreme Court, Appellate Term, First Department, March Term — Filed April, 1922.

Contracts — when portrait is not a proper likeness artist cannot recover.

On the trial of an action to recover the agreed price for the painting of a portrait of defendant's daughter, who was present in court, plaintiff was asked: " Q. She looks now substantially as she did at the time you painted her? A. Practically the same. Q. You consider the portrait which has been offered in evidence * * *, from an artistic standpoint, as a perfect likeness of the subject, do you not? A. I do." Upon appeal, the subject of the portrait being present, and it being stipulated that the court might compare the original with the portrait, *held*, that the portrait was not a proper likeness of defendant's daughter, and the judgment in favor of plaintiff will be reversed and a new trial ordered.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiff.

*Baruch & Rosan* (*Robert R. Rosan*, of counsel), for appellant.

*Brussel & Beebe* (*E. Walter Beebe*, of counsel), for respondent.

*Per Curiam.* At the opening of the trial plaintiff's counsel stated: " We are suing on a definite contract for $1,000 for a portrait of the young lady. The Court: The agreed price of $1,000 for the doing of an oil painting? Plaintiff's counsel: Yes. The Court: The defendant claims that it is not a proper portrait-likeness? Defendant's counsel: Yes, the contract was that we pay $1,000 if the portrait was a good likeness and we claim it is not.

\*   \*   \*   Plaintiff's counsel: The question turns now thoroughly on the question whether it was a proper portrait of the young lady."

The record shows that the subject of the portrait, defendant's daughter, was present in court, and plaintiff was asked: " Q. She looks now substantially as she did at the time you painted her? A. Practically the same. Q. You consider the portrait which has been offered in evidence as defendant's Exhibit A, from an artistic standpoint, as a perfect likeness of the subject, do you not? A. I do."

On the argument of the appeal before this appellate court, by consent of both counsel, the subject of the portrait was present, and it was stipulated that in determining this appeal the members of the court might compare the original with the portrait. As the result of such comparison we are of the opinion that the preponderance of evidence is entirely with the defendant in establishing the fact that the portrait painted by the plaintiff is not a proper portrait-likeness of defendant's daughter, who was the subject of the sketch.

The judgment must, therefore, be reversed and a new trial ordered.

All concur.

Judgment reversed.